UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Crim. No. 16-10258-ADB |
| v. | ) | |
| | ) | |
| FRANCIS P. SALEMME and | ) | |
| PAUL M. WEADICK, | ) | |
| | ) | |
| Defendants. | ) | |

ASSENTED TO MOTION FOR A PROTECTIVE ORDER

Pursuant to Fed.R.Crim.P. 16(d)(1), the United States of America, by and through its undersigned counsel, hereby respectfully moves that the Court enter a protective order in the form attached hereto as Exhibit A.

In support of its motion, the government states as follows:

1.     Pursuant to the Local Rules and existing case law, the government will produce voluminous discovery in this case.   The discovery consists of highly sensitive documents (e.g., grand jury transcripts, FBI informant reports known as FD-209s, internal government memoranda, and extensive Title III materials) which should be used solely for the purpose of litigating matters in this case and should not be divulged to unauthorized third parties.

2.     Much of the discovery that will be produced in this case falls within the scope of protective orders previously issued by United States District Judge Richard G. Stearns in United States v. Stephen Flemmi, et al., Crim. No. 99-10371-RGS, by United States District Judge Mark L. Wolf in the case of United States v. Salemme, et al., Crim. No. 94-10287-MLW, by United States Judge Joseph L. Tauro in the case of United States v. John J. Connolly Jr., Crim.No. 99-10428-JLT and by United States Judge William Smith in the Rhode Island case of United States v. Luigi Manocchio, et al, Crim. No. 11-004-S.   A protective order was also issued by the court

in <u>State of Florida v. John J. Connolly, Jr.</u> that was designed to complement the aforementioned protective orders.   Finally, United States District Judge Reginald Lindsay issued similar protective orders in related civil litigation.

3.      The government recognizes that a small percentage of the produced materials has been made public as a result of litigation in the numerous cases mentioned above.   The government acknowledges that those materials are not covered by the proposed protective order.

4.      Entry of the attached order will also serve to avoid potentially unfair prejudicial pretrial publicity thereby affecting both the defendants' and the government's rights to a fair trial.

5.      Defendant assents to the entry of the proposed protective order by the Court.

WHEREFORE, the government respectfully moves that the Court enter the protective order in the form attached hereto.

Respectfully submitted,

Carmen M. Ortiz
United States Attorney

By:     /s/ Fred M. Wyshak, Jr.
Fred M. Wyshak, Jr.
William J. Ferland
Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I, Fred M. Wyshak, Jr., Assistant United States Attorney, do hereby certify that this document, was filed on the above date through the ECF system which sends copies electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on this date.

/s/ Fred M. Wyshak, Jr.
Fred M. Wyshak, Jr.
Assistant U.S. Attorney

2