UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                              |   |
|------------------------------|---|
| UNITED STATES OF AMERICA     | ) |
|                              | ) |
| v.                           | ) Crim. No. 16-10258-ADB |
|                              | ) |
| FRANCIS P. SALEMME, SR.      | ) |
| PAUL M. WEADICK              | ) |
|                              | ) |
| Defendants.                  | ) |

## GOVERNMENT'S OBJECTION TO DEFENDANTS' MOTION FOR JURY VIEW

The United States of America objects to Defendants' Motion for a Jury View. The Government contends that a view will result in unnecessary expenses, waste valuable judicial resources, and add little to the jury's understanding of the evidence.

### BACKGROUND

The Defendants are charged with the 1993 murder of a federal witness, Steven DiSarro (DiSarrro), in violation of 18 USC 1512(a)(1)(C). The Government alleges that this murder occurred at 14 Marie Avenue in Sharon, Massachusetts, the former home of the Defendant Francis P. Salemme, Sr.'s ex-wife and son. The Government further alleges that DiSarro's remains were buried to the rear of 715 Branch Avenue Providence, Rhode Island and were exhumed from that location in late March of 2016.

The Defendants have moved the Court to Order a view of two crime scenes, the rear of 715 Branch Avenue Providence, Rhode Island and the residence at 14 Marie Avenue Sharon, Massachusetts.[1]

---

[1] The government surmises that the defendants' request for a view of 14 Marie Avenue is an attempt to undermine Stephen Flemmi's testimony that the murder occurred in the kitchen. Flemmi will testify that he made certain observations from the rear entrance to the house. The government suspects that the defendants will attempt to introduce information from an informant

1

As is outlined more fully below, each scene was extensively photographed and diagramed. This evidence has been provided to the Defendants in discovery and is available to them to use during the trial. On November 16, 2016, special agents of the FBI secured permission to photograph and diagram the interior and exterior of the house as well as the surrounding property at 14 Marie Avenue Sharon, Massachusetts. During that visit, agents took 209 color photographs. The agents also employed a digital photography technique known as spherical photography. Agents drew diagrams of the front and rear exterior as well as interior rooms at the residence. The photographs and diagrams have been provided to the Defendants and are available for use.

The Government will introduce evidence and testimony which establishes that DiSarro's remains were disposed of in a large hole located in an undeveloped lot to the rear of 715 Branch Avenue Providence. The remains were located directly behind what had formerly been the boiler house for a large mill complex called Wanskuck Mill. The exhumation of DiSarro's remains occurred over the course of several days. The FBI extensively documented the entire process with color photographs, measurements and diagrams. The FBI also employed the spherical photography feature to record the discovery process. Using this technology, they are able to combine the photographs with the diagrams such that the viewer, here the jury, is able to get an accurate picture of the scene, the spatial relationship to key areas and the nature of the topography.

---

report produced in discovery where the informant related that he had been told by Frank Salemme, Jr. that Salemme, Jr. murdered DiSarro in the basement. Although the government produced this report pursuant to its discovery obligations, the government does not credit the information, and knows of no basis for its admissibility.

The search for human remains at 715 Branch Avenue started with a site survey on March 28, 2016. FBI agents took 56 survey photos of the site prior to initiating any digging. The following day, the FBI's Evidence Recovery Team (ERT) began the process of removing soil and debris. Agents took 66 color photographs of this process. On March 30, 2016, the scene search continued and was again the subject of extensive photography. Agents took 46 photographs of this process.

The bulk of DiSarro's remains were unearthed on March 31, 2016. The FBI documented that recovery process in 203 photographs. On April 1, 2016, the FBI returned the burial site to its original condition and took 12 exit photos of the post-dig site. Subsequent to the recovery of DiSarro's remains, ERT team members took 63 aerial photographs of the scene. These aerial photographs capture not only the rear of 715 Branch Avenue but surrounding roads, commercial buildings and residences. In total agents took approximately 400 photographs of the exhumation of DiSarro which included aerial photographs of the area where his remains were found.

The Defendants have now moved for a view of both the area to the rear of 715 Branch Avenue and the residence at 14 Marie Avenue. The Defendants contend that a view will assist the trial jury to properly evaluate the testimony of witnesses "far more effectively than a presentation and display of photographs of the two locations." *Defendants' Motion for a View* (Document 147 filed 03/23/2018). The Government contends that an actual view will contribute little to the jury's understanding of the evidence, will take a full court day, involve a myriad of logistical challenges and unnecessarily invade the privacy of the current Marie Avenue residents.

## ARGUMENT

The First Circuit has instructed, "In making the determination whether or not to grant a motion for a view the court may consider factors such as the orderliness of the trial, whether the

3

jury could be confused or misled, whether it would be time-consuming or logistically difficult, and whether cross-examination had been permitted regarding the details of the scene." *United States v. Crochiere*, 129 F.3d 223, 236 (1st Cir. 1997)

"The decision to permit a view is entrusted to the sound discretion of the trial court." *Id*. "A court generally acts within that discretion in denying a motion for a view when there is sufficient evidence describing the scene in the form of testimony, diagrams or photographs." *Id*. *See also United States v. Chiquito*, 175 Fed. Appx. 215, 216 (10th Cir. 2006) (unreported), *United States v. Simmons*, 174 Fed. Appx. 913, 917 (6th Cir. 2006) (unreported).

Here, the two scenes the Defendants wish to visit are outside of the immediate area of the courthouse. A view of both scenes would entail bus rides to both Sharon and Providence. The trip to and from Providence alone would consume at least two hours of the jury's time. Factoring in the actual views of the two locations, the entire process will consume nearly a day of court time. When considered in light of the extensive amount of photographs, measurements, diagrams and descriptive testimony of the respective scenes the Government has provided to the Defendants, the views amount to an unnecessary waste of the Court's time. Additionally, while there is a de minimis expectation of privacy in the industrial area where DiSarro was buried, the Marie Avenue address is a private residence occupied by a family. The Government contends that parading sixteen jurors, counsel, the Court and various U.S. Marshals through these people's home is an unwarranted invasion of their privacy. While the Defendants' Sixth Amendment rights most certainly are the paramount interest before this Court, the homeowner's privacy is not an inappropriate factor to consider as part of the Court's analysis.

**CONCLUSION**

The Government has provided the Defense photographs and diagrams of both scenes. The Government has witnesses ready to authenticate the photographs and diagrams as well as to particularly describe the represented content. The Defense is free to supplement the Government's presentation with additional photographs. There is no reason a vivid picture of both scenes cannot be recreated in the courtroom. Accordingly, the Court should deny the Motion for a View.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: /s/ William J. Ferland
Special Assistant U.S. Attorney

Fred Wyshak
Assistant United States Attorney

## CERTIFICATION

I, William J. Ferland, hereby certify that I, on the 2nd day of April, 2018 caused a copy of the Government's Objection to the Defendants' Motion for a View to be delivered to counsel of record by filing the same with the Court through its ECF filing system.

/s/ William J. Ferland