UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Crim. No. 16-10258-ADB |
| FRANCIS P. SALEMME, SR. | ) | |
| PAUL M. WEADICK | ) | |
| | ) | |
| Defendants. | ) | |

## GOVERNMENT'S SUPPLEMENTAL REQUEST FOR PROPOSED JURY INSTRUCTIONS

The United States of America, pursuant to Rule 30(a) of the Federal Rules of Criminal Procedure, requests that the Court, in addition to the proposed instructions of March 28, 2018, give the following instructions to the jury. We reserve the right to supplement, modify, or withdraw these requested instructions in light of the requests, if any, filed by the defendant and the evidence in the case.

Respectfully submitted,

ANDREW LELLING
United States Attorney

By:  /s/ William J. Ferland
William J. Ferland
Special Assistant U.S. Attorney
Fred Wyshak
Assistant U.S. Attorney

1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ William J. Ferland

## <u>TABLE OF CONTENTS</u>

I.    Final instructions: General considerations ........................................................................4

    A.    Duty of the jury to find facts and follow law ...........................................................4

    B.    Presumption of innocence .........................................................................................5

    C.    What is evidence; inferences ......................................................................................7

    D.    Kinds of evidence: direct and circumstantial ............................................................8

    E.    What is not evidence ..................................................................................................9

    F.    Cautionary and limiting instructions as to particular kinds of evidence ................11

    G.    Flight Instruction ……………………………………………………………...12

    H.    Credibility of witnesses ............................................................................................13

    I.    Caution as to cooperating witness / immunized witness .......................................14

    J.    Defendants' constitutional right not to testify .......................................................16

    K.    Use of sound recordings and transcripts ................................................................17

    L.    Law enforcement witnesses .....................................................................................18

    M.    Each Defendant considered separately; unanimity………………………………19


II.    Final instructions:  Elements of specific crimes .............................................................20

    A.    "On or about" - explained ........................................................................................20

    B.    Murder of a witness…………………………………………………………….21

    C.    Intent or Knowledge…………………………………………………………….24

    D.    Aiding and abetting ..................................................................................................25

## I.      FINAL INSTRUCTIONS: GENERAL CONSIDERATIONS

## A.      DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law.

You will recall that you took an oath promising to do so at the beginning of the case. In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return—that is a matter entirely for you to decide.

B.       **PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT**

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality.  It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendants before you, **FRANCIS P. SALEMME, SR.** and **PAUL WEADICK,** have the benefit of that presumption throughout the trial, and you are not to convict them of a particular charge unless you are persuaded of their guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendants are guilty of the crime or crimes with which they are charged beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.  This burden never shifts to the defendants.  It is always the government's burden to prove each of the elements of the crime charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence.  The defendants have the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against them.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to a defendant's guilt of a particular crime, it is your duty to acquit him or her of that crime.  On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond

a reasonable doubt of a defendant's guilt of a particular crime, you should vote to convict him or

her.


Pattern Jury Instructions: **First Circuit**, Criminal Cases, § 3.02
Committee on Pattern Criminal Jury Instructions - First Circuit 2010 Revision

C. **WHAT IS EVIDENCE; INFERENCES**

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.

A stipulation means simply that the government and the defendants accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact, to be given whatever weight you choose.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents, audio or video recordings, or photographs. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

Pattern Jury Instructions: **First Circuit**, Criminal Cases, § 3.04 Committee on Pattern Criminal Jury Instructions - First Circuit 2010 Revisions.

### D.        KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something.  Circumstantial evidence is indirect evidence that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.  You are entitled to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Pattern Jury Instructions: **First Circuit**, Criminal Cases, § 3.05 Committee on Pattern Criminal Jury Instructions - First Circuit 2010 Revisions.

**E. WHAT IS NOT EVIDENCE**

Certain things are not evidence.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3)     Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

(4)     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

(5)     The indictment is not evidence.  This case, like most criminal cases, began with an indictment.  You will have that indictment before you in the course of your deliberations in the jury room.  That indictment was returned by a grand jury, which heard only the government's side of the case.  I caution you, as I have before, that the fact that the defendants have had an indictment filed against them is no evidence whatsoever of their guilt.  The indictment is simply an accusation.  It is the means by which the allegations and charges of the government are brought before this court.  The indictment proves nothing.

Pattern Jury Instructions: **First Circuit**, Criminal Cases, § 3.08 Committee on Pattern Criminal Jury Instructions - First Circuit 2010 Revision.

## F. CAUTIONARY AND LIMITING INSTRUCTIONS AS TO PARTICULAR KINDS OF EVIDENCE

A particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for one particular purpose, and not for any other purpose.  I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

Pattern Jury Instructions: **First Circuit**, Criminal Cases, § 3.07 Committee on Pattern Criminal Jury Instructions - First Circuit 2010 Revisions.

### G. Flight Instruction

Intentional flight by a defendant, may be considered by you in light of all the other evidence in the case.  The burden is upon the government to prove intentional flight.  Intentional flight alone is not sufficient to conclude that he or she is guilty.  Flight does not create a presumption of guilt.  At most, it may provide the basis for an inference of consciousness of guilt.  But flight may not always reflect feelings of guilt.  Moreover, feelings of guilt, which are present in many innocent people, do not necessarily reflect actual guilt.  In your consideration of the evidence of flight, you should consider that there may be reasons for the defendant's actions that are fully consistent with innocence.  It is up to you as members of the jury to determine whether or not evidence of intentional flight shows a consciousness of guilt and the weight or significance to be attached to such evidence.

Adapted from Pattern Jury Instructions: **First Circuit**, Criminal Cases, § 2.107 Committee on Pattern Criminal Jury Instructions - First Circuit 2010 Revisions.

## H. <u>CREDIBILITY OF WITNESSES</u>

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.  You do not have to accept the testimony of any witness if you find the witness not credible.  You must decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

Pattern Jury Instructions: **First Circuit**, Criminal Cases, § 3.06 Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

I.  **Caution as to Cooperating Witness/Accomplice/Paid Informant/**

You have heard the testimony of Joseph Deluca and Robert Deluca. They provided evidence under agreements with the government; and participated in the crime charged against Francis P. Salemme, Sr. and Paul M. Weadick. Joseph Deluca testified under a grant of immunity.

"Immunity" means that Joseph Deluca's testimony may not be used against him in any subsequent criminal proceeding. However, if he testified untruthfully, he could be prosecuted for perjury or making a false statement, even though he was testifying under a grant of immunity. Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of Joseph Deluca with particular caution. He may have had reason to make up stories or exaggerate what others did because he wanted to help himself. You must determine whether the testimony of such a witness has been affected by any interest in the outcome of this case, any prejudice for or against the defendant, or by any of the benefits he has received from the government as a result of being immunized from prosecution.

Robert Deluca and Steven Flemmi testified pursuant to a cooperation agreement with the Government. Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of Robert Deluca and Steven Flemmi with particular caution. They may have had reason to make up stories or exaggerate what others did because he wanted to help themselves. You must determine whether the testimony of such a witness has been affected by any interest in the outcome of this case, any prejudice for or against the defendant, or by any of the benefits they has received from the government. You may consider their guilty pleas in assessing their credibility, but you are not to consider their guilty pleas as evidence against this defendant in any way.

Pattern Jury Instructions: **First Circuit**, Criminal Cases, § 2.08 Committee on Pattern Criminal Jury Instructions - First Circuit 2010 Revision.

## J.  DEFENDANTS' CONSTITUTIONAL RIGHT NOT TO TESTIFY

The defendants have a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that a defendant did not testify.  For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

Pattern Jury Instructions: **First Circuit**, Criminal Cases, § 3.03 Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

### K.  USE OF SOUND RECORDINGS AND TRANSCRIPTS

You have heard a recording of a conversation between two men one of who the Government claims is the Defendant Francis P. Salemme, Sr. That recording is proper evidence for you to consider.  When this evidence was being presented, I allowed you to have a transcript to read as an aid or guide to assist you in listening to the recordings.  However, the transcript is not in and of itself evidence.  If you believe that a transcript said something different from what you heard on the recording, remember it is the recording that is the evidence, not the transcript. Any time there is a variation between the recording and the transcript, you must be guided solely by what you heard on the recording and not by what you saw in the transcript.

Adapted from 1 L. Sand, *et al*., *Modern Federal Jury Instructions - Criminal*, Instruction 5-9 (2007).

## L.  LAW ENFORCEMENT WITNESSES

You have heard the testimony of law enforcement officials.  The fact that a witness may be employed by the government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

Adapted from 1 L. Sand, *et al.*, *Modern Federal Jury Instructions - Criminal*, Instruction 7-16 (2007).

## M. EACH DEFENDANT CONSIDERED SEPARATELY; UNANIMITY

Each defendant must be considered separately.

Your verdict as to each defendant must be unanimous.

Adapted from 1 L. Sand, *et al.*, *Modern Federal Jury Instructions - Criminal*, Instruction 3-5 (2007).

## II. Final Instructions  Elements of Offense

### A.  "ON OR ABOUT" - EXPLAINED

The indictment charges that the offense alleged was committed "on or about" a certain date.

It is <u>not</u> necessary for the government to prove that the offense was committed precisely on the date charged.  The law only requires a substantial similarity between the dates alleged in the indictment and the dates established by testimony or exhibits.

Adapted from 1 L. Sand, *et al*., *Modern Federal Jury Instructions - Criminal*, Instruction 3-12 (2007).

**B. <u>Murder of a Witness</u>**

The United States must prove the following elements to sustain a charge under 18 U.S.C. § 1512(a)(1)(C)

    1.    The killing of Steven DiSarro

    2.    Committed with a particular intent, namely an intent

        i.    To prevent a communication

        ii.    About the commission or possible commission of a federal offense

        iii.    To a federal law enforcement officer or judge

No state of mind need be proved with respect to the circumstance…that the law enforcement officer is an officer or employee of the Federal Government nor does the Government need to prove that the defendant had a particular federal law enforcement officer in mind.  *United States v. Fowler,* 563 U.S. 668, 677 (2011); 18 U.S.C. § 1512(g).

The Government need not prove that the killing occurred solely to prevent the communication but must prove beyond a reasonable doubt that at least some part of the defendant's motive in killing Steven DiSarro was to prevent a communication to a federal officer or judge.

*United States v. Emery*, 186 F.3d 921, 925 (8th Cir. 1999); *United States v. Bell*, 113 F.3d 1345, 1349 (3rd Cir. 1997); *United States v. Dixon*, 191 F.Supp. 3d 603, 610 note 3 (S.D.W.VA. 2016).

**KILLING**

For you to find the defendants guilty of the murder of a witness, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the defendant unlawfully killed Steven DiSarro;

Second: That the defendant killed Steven DiSarro with malice aforethought;

Third: That the killing was premeditated; and

Fourth: that the killing took place within the territorial jurisdiction of the United States.

To kill "with malice aforethought" means either to kill another person deliberately and intentionally, or to act with callous and wanton disregard for human life.

To find malice aforethought you need not be convinced that the defendant hated the person killed, or felt ill will toward the victim at the time.

In determining whether the killing was with malice aforethought, you may consider the use of a weapon or instrument and the manner in which death was caused.

A killing is "premeditated" when it is the result of planning or deliberation. The amount of time needed for premeditation of a killing depends on the person and the circumstances. It must be long enough for the killer, after forming the intent to kill, to be fully conscious of that intent.

You should consider all the facts and circumstances preceding, surrounding, and following the killing which tend to shed light upon the condition of mind of the defendant, before and at the time of the killing. No fact, no matter how small, no circumstance, no matter how trivial, which bears upon the questions of malice aforethought and premedication, should escape your careful consideration.

Pattern Jury Instructions **Fifth Circuit**, Criminal Cases, §2.52A  Committee on Pattern Criminal Jury Instructions- Fifth Circuit 2015 Edition.

C.  **INTENT OR KNOWLEDGE**

Intent or knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. In determining what [defendant] knew or intended at a particular time, you may consider any statements made or acts done or omitted by the defendants and all other facts and circumstances received in evidence that may aid in your determination of the defendants' knowledge or intent. You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

Adapted from Pattern Jury Instructions: **First Circuit**, Criminal Cases, § 4.18.1341 Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition, Updated April 18, 2008 by Judge Hornby.

D. **<u>AIDING AND ABETTING</u>**

The count charged in the indictment charges not only a violation of a specific criminal statute, but <u>also</u> a violation of Title 18, United States Code, Section 2.

Section 2(a) of Title 18 of the United States Code provides that:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

To "aid and abet" means intentionally to help someone else commit the charged crime. To establish aiding and abetting, the government must prove beyond a reasonable doubt:

First, that someone else committed a charged crime; and

Second, that the defendant consciously shared the other person's knowledge of the charged crime, intended to help the other person, and took part in the endeavor, seeking to make it succeed.

The defendant need not perform the charged crime, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting.  But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that the crime is being committed are also not sufficient to establish aiding and abetting.  But you may consider these among other factors.

Pattern Jury Instructions:   **First Circuit**, Criminal Cases, §§ 4.18.02(a) Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition, Updated January 30, 2008 by Judge Hornby.