UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA    )<br>                                                            )   Crim. No. 16-10258-ADB<br>               v.                                       )<br>                                                            )<br>FRANCIS P. SALEMME and         )<br>PAUL M. WEADICK,                      )<br>                                                            )<br>                    Defendants            ) | |

U.S. MARSHALS SERVICE'S MOTION FOR A RECONSIDERATION OF THE COURT'S RULING ON THE IMPOSITION OF LIMITED MEASURES TO PROTECT
<u>THE IDENTITY OF INSPECTORS ASSIGNED TO THE WITNESS SECURITY PROGRAM</u>

On March 26, 2018, the government filed a motion for the imposition of limited measures to protect the identity of Inspectors assigned to the U.S. Marshals Service's Witness Security Division.  Among other things, the motion asked for a screen to be installed so that the defendants and the jury could see an Inspector when he or she testifies but the public could not. On April 9, 2018, the defendants filed a joint motion in opposition.  At the final pretrial conference on April 11, 2018, the Court addressed several motions, including the motion relating to protecting the identity of Witness Security Inspectors.  On April 25, 2018, the Court issued a Memorandum and Order addressing several motions, including the motion to protect the identity of Witness Security Inspectors.  In that Memorandum and Order, in ruling on the motion to protect the identity of Witness Security Inspectors, the Court stated, among other things, that the government's proposal (apparently relating specifically to putting a partition between the gallery and the well of the court) is broader and more cumbersome than necessary to protect the government's interests and that other alternatives are available to protect those interests "while minimizing the burden on the right of an open trial."

1

For the reasons stated in this pleading, the U.S. Marshals Service moves the Court to consider alternative remedies to further protect the identities of Witness Security Program personnel and the Court's concerns regarding cumbersome procedures and burden on the right of an open trial.

As stated in the government's original motion and supporting memorandum, Witness Security Inspectors work undercover. They meet frequently with witnesses who are protected because they testified against criminal organizations, national gangs, terrorists groups, or other organizations with national reach and the resources and willingness to kill those who oppose them. If a person from, or acting in concert with, one of these groups was able to identify and follow a Witness Security Inspector, that would endanger the life of the Witness Security Inspector, the people protected by the Witness Security Inspector, and other people who work for the Witness Security Program.

The threat that the government seeks to dispel is not a threat from either of the defendants but a threat from a member of, or a person acting in concert with, an organization that wants to damage the program.

It might be argued that if a Witness Security Inspector from one part of the country testifies in Boston and is seen in Boston, it is unlikely that a person who sees the Witness Security Inspector could pose a danger to the Witness Security Inspector or the program once the Witness Security Inspector returns to the unknown place in the country where he or she is stationed. Unfortunately, the situation described in that argument does not seem to apply in this case.

There have been numerous reports in the press stating that Mr. Salemme was located in a specific city just before he was arrested.[1]  If that information is correct or if the Witness Security Inspector operates in that area on occasion, a representative of a criminal or terrorist organization who observes the trial could go to that city, and, using some logical conclusions, could locate the Witness Security Inspector and possibly identify people protected by the program and other law enforcement personnel who work for the program.

Such people will likely want to attend the trial because it has been reported in the press that a Witness Security Inspector will testify in this case.[2]

This threat is real.  It is a question of life and death.

To deal with this threat and to protect the defendants' rights, the U.S. Marshals Service proposes a different procedure for keeping the trial completely public except for the public's ability to see the Witness Security Inspector.  The U.S. Marshals Service also proposes that if the Court decides that the proposed procedure would draw undue attention of the jury or imply the defendants' guilt to the jury that the Court give a prophylactic instruction to the jury.

---

[1] https://www.bostonglobe.com/metro/2017/12/28/former-mafia-boss-frank-salemme-will-trial-expected-last-days/aqgLNHMqeEkTJzQ84CZzHK/story.html

https://www.ajc.com/news/crime--law/boston-mob-boss-was-living-atlanta-under-alias/yQmxS9IhOnI28gnDKknsLJ/

https://www.wsbtv.com/news/local/atlanta/ex-mob-boss-living-in-atlanta-now-facing-murder-charges-in-boston/421560370

http://www.nydailynews.com/news/national/ex-mob-boss-attended-ne-patriots-watch-parties-hiding-article-1.2756078

http://www.espn.com/nfl/story/_/id/17334703/former-mob-boss-remained-new-england-patriots-fan-hiding

https://www.upi.com/Ex-mafia-boss-Cadillac-Frank-indicted-for-93-murder-of-federal-witness/1101472839256/

[2] http://www.bostonherald.com/news/local_coverage/2018/03/prosecutors_in_salemme_trial_work_to_shield_id entities_of_witness

The U.S. Marshals Service requests that, during the testimony of a Witness Security Inspector, the public be seated in a parallel courtroom and that the audio of the testimony be broadcast to that courtroom.  This procedure will assure that the substance of the testimony, except for the ability to see the Witness Security Inspector, will be known to the public as it occurs. The procedure will avoid the cumbersome logistics of installing and removing a partition between the gallery and the well of the court, and the procedure will be visually more subtle than having a partition in the courtroom. Most importantly, in the context of this case, the information not revealed to the public will be no broader than necessary to protect the substantial interest of protecting the lives of people who work for the Witness Security Program and those people who are protected by the program.

If the Court decides that an empty gallery in the courtroom could lead the jury to a conclusion that is harmful to either defendant, the U.S. Marshals Service suggests that the Court give an instruction to the jury including all or some of the following points:

- The Witness Security Program protects people who have testified against organizations that may want to do them harm because of their testimony.

- The law enforcement officers in the program work undercover.

- This protects them and the people who have been admitted into the program.

- Any group that wants to harm the program might attempt to determine the true identity of a law enforcement officer who works for the program.

- It has been reported in the press that law enforcement officers from the program would testify in this case.

- Because of this, members of the public have been excluded from the courtroom during the testimony of the law enforcement personnel who work for the program.

- The public will be able to hear the testimony as it occurs.

- These measures have absolutely nothing to do with the facts of this case. They are taken solely to protect the operation of the Witness Security Program.

## **CONCLUSION**

Because the U.S. Marshals Service believes that there are potential serious consequences of allowing members of the public to see Witness Security personnel in this case, the U.S. Marshals Service urges the Court to employ the procedure that it suggests, or some other procedure, to keep the public from being able to view Witness Security personnel who are testifying but to allow the public to hear the testimony as it occurs.  If the Court believes that the procedure used could lead the jury to a conclusion that is harmful to either defendant, the U.S. Marshals Service suggests that the Court give the jury an instruction explaining that the procedure is being used to protect the Witness Security Program and not for any reason connected to this trial.

UNITED STATES OF AMERICA

ANDREW E. LELLING
UNITED STATES ATTORNEY

U.S. MARSHALS SERVICE

GERALD M. AUERBACH
GENERAL COUNSEL

/s/ Harvey Smith
Harvey Smith
Special Assistant U.S. Attorney
U.S. Marshals Service
CG3, 15th Floor
Washington, D.C. 20530-0001
703-740-3962

## CERTIFICATION OF SERVICE

On this 18th day of May, 2018, I caused the attached U.S. Marshals Service's Motion for a Reconsideration of the Court's Ruling on the Imposition of Limited Measures to Protect the Identity of Inspectors Assigned to the Witness Security Program to be filed electronically. It is available for viewing and downloading in the ECF system.

/s/ Harvey Smith
Harvey Smith
Special Assistant United States Attorney
U.S. Marshals Service
CG3, 15th Floor
Washington, D.C. 20530-0001
703-740-3962