UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Crim. No. 16-10258-ADB |
| v. | ) | |
| | ) | |
| FRANCIS P. SALEMME and | ) | |
| PAUL M. WEADICK, | ) | |
| | ) | |
| Defendants. | ) | |

GOVERNMENT'S OPPOSITION TO DEFENDANT WEADICK'S
MOTION TO SET ASIDE THE VERDICT AND FOR A NEW TRIAL

The defendant Weadick miserably fails to establish any basis for the requested relief.  In considering a motion for a judgment of acquittal, the appropriate standard to be applied by the Court is whether the evidence, both direct and circumstantial, supports the conviction when "viewed in the light most favorable to the prosecution."  *See United States v. Lara*, 181 F.3d 183, 200 (1st Cir. 1999).  Counsel for the defendant, however, fails to apply this standard and fails to discuss the evidence at all.  The defendant's brief simply contain the same old and tired arguments that he unsuccessfully made throughout the litigation in this case.  While the tenor of these arguments may have been appropriate during pre-trial litigation and during the trial of this matter, they now lack force and vitality in the face of the jury's verdict.

Viewed in the light most favorable to the prosecution, the evidence implicating the defendant in the murder of Steven DiSarro was overwhelming.  The government produced an eyewitness to the crime – Stephen Flemmi.  Flemmi observed the defendant holding DiSarro's legs off the ground while Frank Salemme, Jr. strangled DiSarro.  The government produced evidence of motive – defendant's close association with NELCN leaders Frank Salemme and his son as well as defendant's participation in the infiltration of The Channel motivated the

defendant to eliminate DiSarro as a potential federal witness.  The government produced evidence of admissions made by the defendant both before and after the murder – Lara Eldridge testified that the defendant made statements that indicated that the defendant was angry with DiSarro because he had a "big mouth," was avoiding meeting with the defendant and Salemme, Jr., and that the defendant and Salemme, Jr. planned to lure DiSarro to 14 Marie Avenue where DiSarro would feel safe (and was subsequently murdered).  Lara Eldridge also testified that the defendant indicated that he had been involved in the murder of DiSarro and had given Eldridge a worn man's bracelet that belonged to DiSarro.  The government also produced significant evidence which demonstrated the nature of the relationship between the defendant and the Salemmes – testimony from FBI agents, Massachusetts and New Hampshire State Police, Roland Wheeler, and Becky Geiger.  Taken together, the evidence of Weadick's access to Geiger's red jeep, Pam DiSarro's testimony that her husband was picked up by a red jeep the day he disappeared, and the fact that Salemme, Jr. was under house arrest on an electronic bracelet the day of the murder lead to the convincing conclusion that the defendant drove DiSarro to his death on May 10, 1993.  Finally, statements made by the defendant's co-conspirator, Frank Salemme, to NELCN captain Robert DeLuca confirmed that the defendant did, in fact, drive DiSarro to 14 Marie Avenue and participate in the murder of DiSarro.

In the alternative, the defendant requests a new trial.  The First Circuit has consistently, and repeatedly, emphasized that there are "definite limits upon a district court's right to upset a jury verdict.  To protect the fragile power given to the jury, we must ensure that the remedy of a new trial is sparingly used, and then only where there would be a miscarriage of justice.  This Court has emphatically stated that a trial judge is not a thirteenth juror who may set aside a verdict merely because he would have reached a different result."  *United States v. Rothrock*, 806

F.2d 318, 322 (1st Cir. 1986) (citations and internal marks omitted); *accord, United States v. Ruiz*, 105 F.3d 1492, 1501-02 (1st Cir. 1997); *United States v. Conley*, 249 F.3d 38, 45 (1st Cir. 2001); *United States v. Rivera Rangel*, 396 F.3d 476, 486 (1st Cir. 2005); *United States v. Sampson*, 486 F.3d 13, 50 (1st Cir. 2007); *United States v. Garcia-Alvarez*, 541 F.3d 8, 16-17 (1st Cir. 2008).

Moreover, when a motion for a new trial is predicated on the district court's evaluation of the weight of the evidence, the district court must "refrain from interfering unless it is quite clear that the jury has reached a seriously erroneous result." *Rothrock*, 806 F.2d at 322 (citations and internal marks omitted); *accord*, *Ruiz*, 105 F.3d at 1501; *Rivera Rangel*, 396 F.3d at 486.

It is not sufficient to show that the evidence "gave rise to competing plausible inferences, some pointing to guilt and others to innocence," because "[t]he jury is charged with choosing between such inferences." *Ruiz*, 105 F.3d at 1502 (citation omitted).  When the evidence is "freighted with contradictions," those contradictions are "grist for the jury's mill." *Sampson*, 486 F.2d 3d at 50 (citation omitted).

In sum, even if "reasonable people could have found otherwise, a trial judge ... may [not] set aside a verdict merely because he would have reached a different result." *Ruiz*, 105 F.3d at 1502. (citation omitted).  The "correct standard" for a Rule 33 new trial motion is whether the "conviction would result in a miscarriage of justice." *Rothrock*, 806 F.2d at 322.  The defendant has not come close to satisfying that high standard and has not remotely shown that the evidence "preponderates *heavily* against the verdict." *See United States v. Villarman-Oviedo*, 325 F.3d 1, 15 (1st Cir. 2003) (emphasis added; citation omitted).

For the reasons set forth above, the defendant's motion should be denied.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:   /s/ Fred M. Wyshak, Jr.
Fred M. Wyshak, Jr.
William J. Ferland
Assistant U.S. Attorneys


**CERTIFICATE OF SERVICE**

I, Fred M. Wyshak, Jr., Assistant United States Attorney, hereby certify that on July 10, 2018, I served a copy of this document on counsel of record for the defendants by electronic filing.

/s/ Fred M. Wyshak, Jr.
Fred M. Wyshak, Jr.
Assistant U.S. Attorney