UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | *<br>* |
| v. | *<br>* |
| FRANCIS P. SALEMME and PAUL M. WEADICK, | * Criminal Action No. 16-cr-10258-ADB<br>* |
| Defendants. | *<br>*<br>* |

## **MEMORANDUM AND ORDER**

BURROUGHS, D.J.

On June 22, 2018, the jury found Defendant Paul M. Weadick and his co-defendant, Francis P. Salemme, guilty of murder of a witness under 18 U.S.C. § 1512(a)(1)(C). Currently pending before the Court is Defendant Weadick's motion for a judgment notwithstanding the verdict pursuant to Federal Rule of Criminal Procedure 29 on the basis of insufficient evidence and substantial legal error. [ECF No. 302]. Alternatively, he requests that the Court set aside the verdict and order a new trial in the interests of justice under Federal Rule of Criminal Procedure 33. Id. For the reasons that follow, the motion is denied.

## I.   LEGAL STANDARD

"To succeed on his Rule 29 motion, [Defendant] must show that the evidence presented at trial, even when viewed in the light most favorable to the government, did not suffice to prove the elements of the offenses beyond a reasonable doubt." United States v. Acevedo, 882 F.3d 251, 257 (1st Cir. 2018). The Court does not "weigh the evidence or make any credibility judgments, as those are left to the jury." United States v. Merlino, 592 F.3d 22, 29 (1st Cir. 2010) (citing United States v. Ayala–Garcia, 574 F.3d 5, 11 (1st Cir. 2009)). Rather, the Court "resolve[s] all credibility disputes in the verdict's favor, and then reach[es] a judgment about

whether a rational jury could find guilt beyond a reasonable doubt." Id. (quoting United States v. Olbres, 61 F.3d 967, 970 (1st Cir. 1995)). The verdict will be upheld if it is "supported by a plausible rendition of the record." Id. (quoting United States v. Bristol–Martir, 570 F.3d 29, 38 (1st Cir. 2009)).

In comparison, under Rule 33, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "In considering a motion for a new trial, district courts may 'weigh the evidence and evaluate the credibility of witnesses, . . . [but] the remedy of a new trial is sparingly used, and then only where there would be a miscarriage of justice and where the evidence preponderates heavily against the verdict.'" Merlino, 592 F.3d at 32 (quoting United States v. Wilkerson, 251 F.3d 273, 278 (1st Cir. 2001)); see United States v. Rothrock, 806 F.2d 318, 322 (1st Cir. 1986) ("Where an order for a new trial is predicated on the district court's evaluation of the weight of the evidence rather than its concern about the effect of prejudicial acts that may have resulted in an unfair trial, we will exercise a more stringent standard of review, requiring the court to refrain from interfering "'unless it is quite clear that the jury has reached a seriously erroneous result.'" (citations omitted)). "A district court 'judge is not a thirteenth juror who may set aside a verdict merely because he would have reached a different result.'" United States v. Rivera-Rangel, 396 F.3d 476, 486 (1st Cir. 2005) (quoting Rothrock, 806 F.2d at 322). "Because the district court must generally defer to a jury's credibility assessments, '[i]t is only where exceptional circumstances can be demonstrated that the trial judge may intrude upon the jury function of credibility assessment.'" Merlino, 592 F.3d at 32−33 (quoting United States v. Cote, 544 F.3d 88, 101 (2d Cir. 2008)).

On a Rule 33 motion, the Court may also "consider whether its evidentiary rulings at trial were correct." United States v. DiMasi, 810 F. Supp. 2d 347, 362 (D. Mass. 2011), aff'd sub

nom. United States v. McDonough, 727 F.3d 143 (1st Cir. 2013) (citing Wilkerson, 251 F.3d at 279–80). "However, a new trial is justified only if an error concerning the admission of evidence was made and the error was not 'harmless,'" meaning "'it is highly probable that the error did not contribute to the verdict.'" Id. (quoting Wilkerson, 251 F.3d at 280).

## II. DISCUSSION

Mr. Weadick's motion essentially reiterates grounds for relief that he raised before or during trial. He argues that he was prejudiced by the denial of his motion to sever his trial from that of his co-defendant because it allowed the Government to present evidence from cooperating witnesses and other evidence that was relevant only to his co-defendant. The Court fully addressed these issues in its written orders and bench rulings concerning severance and in relation to the admission of evidence under Federal Rule of Evidence 404(b) or as evidence intrinsic to the crime charged. See [ECF Nos. 171, 192]. Mr. Weadick acknowledged in his pretrial briefing that "courts have determined that prior bad acts may be admitted in conspiracy cases under 404(b) if they explain the background, formation, and development of the illegal relationship," and "concede[d] that this Court's decision [on the admission of 404(b) evidence] is in conformance with current case law," while noting "his disagreement with these cases to preserve the issue for appellate purposes." [ECF No. 204 at 3] (citations and internal quotation marks omitted). Mr. Weadick also asserts that the evidence of his 1987 arrest should have been excluded under Federal Rule of Evidence 403 as unnecessarily cumulative and not probative of the relationship between Mr. Weadick and Mr. Salemme, Jr. The Court closely reviewed and ruled on this issue before trial and significantly limited the scope of admissible evidence, which was further circumscribed during a bench conference at trial. See [ECF Nos. 192, 211]. In sum,

for the reasons stated in the Court's written orders and bench rulings on these issues, the present motion raises no error that warrants granting the requested relief.

Mr. Weadick further contends that the evidence at trial was insufficient to support the verdict, but he does not offer any supporting legal or factual basis for this claim. As summarized in the opposition brief, the Government's case included an eyewitness to the crime who testified to Mr. Weadick's involvement in strangling the victim. Statements of Mr. Weadick's co-conspirator (co-defendant Mr. Salemme, Sr.) implicated Mr. Weadick in the planning and murder of the victim. Testimony of several witnesses, including FBI agents and state police officers, demonstrated Mr. Weadick's close relationship with the Salemmes and his association with the Channel nightclub. Mr. Weadick's former girlfriend testified that Mr. Weadick was angry with the victim for having a "big mouth," that he and Mr. Salemme, Jr. had wanted to meet with the victim who was afraid to see them, and that he and Mr. Salemme, Jr. thought the victim would meet them at 14 Marie Avenue where the murder occurred, because that location would at least appear to be a safe. Mr. Weadick's motion does not challenge the jury's credibility assessments, discuss the evidence, or otherwise present a basis for finding a miscarriage of justice.

For the reasons stated herein, Mr. Weadick's motion [ECF No. 302] does not warrant granting relief under Rule 29 or Rule 33 and is therefore denied.

**SO ORDERED.**

July 16, 2018 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE